# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

**CHIQUITA SPEARS, as REPRESENTATIVE**
**Of the ESTATE of TRAVIS STEVENSON**
    **PLAINTIFF,**

    vs.                                          **Civil Action No:**

**SIDNEY J. GAUTREAUX, III**
**SHERIFF, EAST BATON ROUGE PARISH**
**LIEUTENANT MICHAEL BIRDWELL,**
**DETECTIVE SHANNON BROUSSARD,**
**DETECTIVE CHARLES MONTGOMERY,**
**DETECTIVE SCOTT HENNING,**
**DETECTIVE CHRISTOPHER MASTERS,**
**AND SERGEANT VERNER BUDD**

    **DEFENDANTS.**

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    COMES NOW, Plaintiff, and brings this action under the United States Constitution and pursuant to 42 U.S.C. § 1983 to vindicate Travis Stevenson's rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the United States Constitution, and files this Original Complaint.

## JURISDICTION, VENUE, AND PARTIES

1. Jurisdiction is conferred upon by this Court under and by 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in the Middle District of Louisiana upon 28 U.S.C. Section 1391 as all actions of which Plaintiff complain occurred in East Baton Rouge Parish, Louisiana.

3.      Plaintiff, Chiquita Spears, as Representative of the Estate of Travis Stevenson, is a citizen of the United States and within the jurisdiction of this court. Travis Stevenson is the decedent and victim of the action complained of in this suit, and he died intestate. Travis is survived by his sons, Carrington Jackson, Travis Jackson, and Travon Carter, his daughter, Phyllicia Alexis Carter, and his sister, Chiquita Spears, Estate Representative. Travis died with very few personal possessions. On information and belief, there are no debts pending. At the time of filing of this action, there was no estate and there is no administration pending; and no administration of the estate is necessary or desired. Chiquita Spears has been designated by the heirs as, and will serve as, the representative of the Estate of Travis Stevenson. Suit is brought to seek recovery for personal injuries, pain and suffering and other injuries suffered prior to his death and asserted by his Estate.

4.      Plaintiff, Chiquita Spears is the sister of Travis Stevenson and is a citizen of these United States and is within the jurisdiction of the court. Chiquita sues for damages suffered as a result of the wrongful death of her brother, Travis Stevenson.

5.      Defendant, Sidney J. Gautreaux, III is the Sheriff of East Baton Rouge Parish, State of Louisiana.

6.      Defendant, Lieutenant Michael Birdwell, a Deputy employed by the East Baton Rouge Sheriff's Office and acting at all pertinent times under color of state law.

7.      Defendant, Detective Shannon Broussard, a Deputy employed by the East Baton Rouge Sheriff's Office and acting at all pertinent times under color of state law.

8.      Detective Charles Montgomery, a Deputy employed by the East Baton Rouge Sheriff's Office and acting at all pertinent times under color of state law.

9.      Detective Scott Henning, a Deputy employed by the East Baton Rouge Sheriff's Office and acting at all pertinent times under color of state law.

10. Detective Christopher Masters, a Deputy employed by the East Baton Rouge Sheriff's Office, and acting at all pertinent times under color of state law.

11. Sergeant Verner Budd III, a Deputy employed by the East Baton Rouge Parish Sheriff's Office, and acting at all pertinent times under color of state law.

**FACTUAL ALLEGATIONS**

12. At all times relevant, Travis Stevenson (hereinafter "Travis") was an American citizen domiciled in East Baton Rouge Parish. Upon information and belief, Travis had no history of exhibiting violence or aggression towards law enforcement officers.

13. On February 23, 2016, Defendant deputies responded to a 911 call in the Gardere area in Baton Rouge. Upon arrival, Defendant deputies were advised by the complainant that her boyfriend, Travis Stevenson, had sprayed her and her daughter with pepper spray and then fled from the residence in his vehicle, a champagne/white Cadillac. While Defendant deputies were on the scene, Travis called the complainant and stated that he was going to jump of the Mississippi River Bridge.

14. After searching for Travis, Defendant deputies located him in his vehicle parked close to an apartment building on Smith Street near Terrace Avenue. At this point in time, one of the Defendant deputies parked sideways directly behind and very close to Travis' vehicle in a marked SUV. Directly in front of Travis' vehicle was the apartment complex, and on the left side of Travis' vehicle and just less than a car length ahead of Travis' vehicle was another vehicle, backed up close to the apartment complex. To the right of Travis vehicle was an industrial size dumpster.

15. There was no means of escape for Travis, and he posed no immediate threat to the safety of any of the Defendant deputies, as they arrived from behind Travis vehicle.

16. Travis accelerated his vehicle backwards and forward, striking the SUV behind him, and

then forward into the apartment complex. There was approximately 2 feet between Travis' vehicle and the SUV behind him, and approximately 8-9 feet between Travis' vehicle and the apartment complex in front of him.

17. Although no Defendant deputies were in imminent danger, one or more of them opened fire on Travis' vehicle, firing at least 20 rounds at this vehicle, and directly at his head. Two gunshot wounds were found on the left side of Travis' head, as well as a gunshot wound to his chest, one to the side of his neck, and a gunshot wound to his mouth. Defendant officers used wildly excessive force against Travis. This use of excessive force caused Travis' untimely and tragic death.

18. Defendant deputies were not in imminent danger of death or great bodily harm, and their actions constitute a reckless and wanton disregard for Travis' 4th Amendment right to be free from excessive force.

19. Travis is dead because the Defendant deputies took action that was unreasonable and excessive.

20. The aforementioned acts of Defendant Deputies were willful, wanton, malicious oppressive and done with reckless indifference to and/or callous disregard for the rights of Travis and justify an award of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-described acts and omissions of Defendant deputies, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance in the instant action so that Plaintiff might vindicate the loss and impairment of Travis' rights. By reason thereof, Plaintiffs request payment by Defendants of reasonable attorney fees and costs pursuant to 42 U.S.C. Section 1988.

## COUNT I
## PLAINTIFF AGAINST DEPUTY DEFENDANTS
## FOR EXCESSIVE FORCE

22. Plaintiff hereby incorporate and re-allege paragraphs (1) through (21) as though fully set forth at length herein.

23. Defendant deputies used excessive force against Travis' person.

24. There was no legal cause for Defendant deputies to use such excessive force against Travis.

25. By reason of Defendant deputies' actions, Travis was deprived of rights, privileges, immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder. The physical violence and Wild West style slaying of Travis was unnecessary, unreasonable, and excessive, and was therefore in violation of his Fourth and/or Fourteenth Amendment Rights. Therefore, all defendants, and each of them, jointly and severally, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

26. Each of the Defendant deputies, individually and in concert with others, acted under color of state law in his/their official capacity to deprive Travis of his constitutional rights secured by the 4th Amendment and 14th Amendment to the constitution, and by 42 USC 1983 and 1988.

## COUNT IV
## PLAINTIFF AGAINST the CITY OF SULPHUR SPRINGS
## For MONELL LIABILITY

27. Plaintiffs hereby incorporate and re-allege paragraphs (1) through (28) as though fully set forth at length herein.

28. The misconduct complained of herein was undertaken pursuant to the policies and practices of Defendant Sidney J. Gautreaux, III in that as a matter of both policy and practice, said Defendant directly encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

29. As a matter of policy and practice, the Defendant Sidney J. Gautreaux facilitates the very type of misconduct at issue by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading subordinate deputies, including the Defendant deputies named herein, to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Travis. Specifically, East Baton Rouge Parish Sheriff Deputies accused of excessive force and/or violations of civil rights can be confident that they will not be investigated in earnest, discipline will not be recommended if required, to enforce discipline even where the deputy has engaged in excessive force or otherwise violated the civil rights of citizens.

30. Defendant Sidney J. Guatreaux, as the chief policy maker for the East Baton Rouge Sheriff Office, is aware of, and condones and facilitate by his inaction, the failure of the East Baton Rouge Parish Sheriff's Department to properly investigate and discipline officers who have engaged in excessive force or otherwise violated the civil rights of citizens.

31. Sidney J. Gautreaux has failed to adequately train his deputies regarding the proper response to situations such as described herein. This failure included a failure to train police officers in the proper and graduated use of force. As a result of this failure to train, the Travis Stevens is dead today. The decision to open fire on Travis, despite the absence of imminent danger to the Defendant deputies, was done with deliberate indifference to Travis' constitutional rights.

32. As a result of the excessive use of force by Defendant deputies and the policies and practices of Defendant Sidney J. Gautreaux, Travis experienced physical injuries, conscious pain and suffering, and emotional distress before he died, and the Estate of Travis Stevenson incurred funeral expenses.

33. Plaintiffs allege that these customs, policies and training deficiencies, described above,

were contributing factors behind the violation of Travis' rights. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, Defendant Sidney J. Guatreaux is liable for the harm done to Travis as set forth above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, by and through their attorney, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, medical and funeral expenses in a sum to be ascertained;
2. That the Defendants be required to pay Plaintiffs' special damages;
3. That the Defendants be required to pay Plaintiffs' attorney fees and expenses pursuant to Section 1988 of Title 42 of the United State Code or any other applicable provision;
4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;
5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and
6. That the Plaintiffs have such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**

Dated: 23rd day of February, 2017.

                                            Respectfully submitted,

                                            /s/ Michael T. Bell, Esq.
                                            Michael T. Bell, Esq.

La.State Bar No. 27740
P.O. Box 83932
Baton Rouge, La 70884
225. 343-1112 Telephone
mtbell@att.net

/s/ J. Christopher Alexander, Esq.
J. Christopher Alexander, Esq.
La. State Bar No. 26591
3751 Government Street, Suite A
Baton Rouge, La 70806
225. 761-9456 Telephone
jca@jcalaw.us